# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

FILED

MAY 29 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Case No. 1:26-cv-145

## VERIFIED COMPLAINT
## JURY TRIAL DEMAND

**DELTA L. EADY,**
Plaintiff,

**v.**

**AMERICAN TOW & RECOVERY; AMERICAN TOW & RECOVERY, LLC; AMERICAN TOWING & RECOVERY; AMERICAN TOWING & RECOVERY, LLC; AARON G. BLACK; CHATTANOOGA IMPOUND SERVICES, LLC; LARRY BAILEY; MICHAEL PHILLIPS; 319 JANUARY, LLC; WICK SPEARS; and THOMAS HYDE,**

Defendants.

Case 1:26-cv-00145-TRM-MJD    Document 2    Filed 05/29/26    Page 1 of 16    PageID #: 11

# VERIFIED COMPLAINT FOR VIOLATIONS OF TITLE III AND TITLE V OF THE AMERICANS WITH DISABILITIES ACT, DECLARATORY RELIEF, INJUNCTIVE RELIEF, DAMAGES, AND JURY TRIAL DEMAND

## I. INTRODUCTION

1. This action arises from Defendants' intentional, coercive, deceptive, retaliatory, and unlawful conduct involving Plaintiff's semi-truck, including fabricated charges, interference with repairs, wrongful retention of property, coercion, threats, intimidation, and discriminatory conduct directed toward Plaintiff, a paraplegic individual dependent upon his vehicle for mobility and access to essential necessities.

2. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

3. Defendants operate towing, vehicle-storage, transportation-related, and repair-related business services offered to the public within Hamilton County, Tennessee and surrounding areas.

4. Defendants had actual knowledge that Plaintiff's semi-truck functioned as Plaintiff's primary means of mobility, transportation, shelter, and access to basic necessities.

Case 1:26-cv-00145-TRM-MJD    Document 2    Filed 05/29/26    Page 2 of 16    PageID #: 12

5. Despite such knowledge, Defendants intentionally leveraged their control over Plaintiff's semi-truck to interfere with Plaintiff's mobility, obstruct repairs, impose fabricated and escalating charges, delay access to Plaintiff's vehicle, and coerce payments and compliance through threats, intimidation, and abusive conduct.

6. Defendants further interfered with Plaintiff's efforts to obtain independent repair services and retaliated against Plaintiff after Plaintiff questioned Defendants' conduct and attempted to secure alternative repair arrangements.

7. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages recoverable under Tennessee law, treble damages under the Tennessee Consumer Protection Act, punitive damages, restitution, and all other relief permitted by law.

## II. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under Title III and Title V of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 and 42 U.S.C. § 12203.

9. This Court has supplemental jurisdiction over Plaintiff's related Tennessee state-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

10. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to this action occurred within the Eastern District of Tennessee.

## III. PARTIES

12. Plaintiff Delta L. Eady is a resident of Hamilton County, Tennessee.

13. Plaintiff is a paraplegic individual substantially limited in one or more major life activities, including mobility and transportation.

14. Defendants American Tow & Recovery and/or American Towing & Recovery were business operations and/or entities operating in Hamilton County, Tennessee during the events alleged herein.

15. Upon information and belief, said entities later operated and/or registered as American Tow & Recovery, LLC and/or American Towing & Recovery, LLC.

16. Defendants operate towing, storage, transportation-related, and vehicle-service businesses open to and serving the public.

17. Defendant Aaron G. Black is the registered agent, principal, and controlling individual of the foregoing entities and is sued in his individual capacity.

18. Defendant Chattanooga Impound Services, LLC ("CI") operates a storage lot located at or near 1625 Shepard Road, Chattanooga, Tennessee.

19. Defendants Larry Bailey and Michael Phillips are employees, agents, representatives, and/or associates of CI and are sued in their individual capacities.

20. Defendant 319 January, LLC is an entity involved in ownership, leasing, management, and/or control of property used by Defendants.

21. Defendant Wick Spears is the owner and/or registered agent of 319 January, LLC and is sued in his individual capacity.

22. Defendant Thomas Hyde is, upon information and belief, the owner and/or lessor of property used in connection with the conduct alleged herein and is sued in his individual capacity.

23. At all relevant times, Defendants acted individually and/or through their employees, agents, representatives, and affiliated entities within the course and scope of their business operations.

## IV. FACTUAL ALLEGATIONS

24. On or about July 25, 2023, Plaintiff contacted American Tow & Recovery ("ATR") concerning towing and repair of Plaintiff's semi-truck.

25. Plaintiff informed Defendant Aaron Black of the truck's mechanical issues and Plaintiff's inability to secure long-term lodging accommodations.

26. Plaintiff further informed Defendants of Plaintiff's physical disability and dependence upon the semi-truck for transportation, mobility, and essential daily functioning.

27. Defendants represented that Plaintiff's semi-truck would be stored pending repairs and assured Plaintiff that storage would initially be free.

28. In reliance upon Defendants' representations, Plaintiff relinquished possession and control of his semi-truck to Defendants.

29. Defendants placed Plaintiff's semi-truck on property controlled and/or utilized by Chattanooga Impound Services, LLC.

30. After obtaining possession of the vehicle, Defendant Aaron Black repeatedly attempted to purchase Plaintiff's semi-truck. Plaintiff repeatedly declined.

31. Defendants subsequently imposed fabricated and escalating charges, delayed repairs, failed to communicate consistently, and interfered with Plaintiff's ability to obtain independent repair services.

32. On or about October 6, 2023, Andrew Smith paid approximately $1,275 to ATR on Plaintiff's behalf after Defendants demanded substantially inflated charges as a condition of continued access to the vehicle.

33. Plaintiff alleges that the receipt provided in connection with said payment was false, misleading, and fraudulent.

34. Plaintiff later arranged repairs through Chattanooga Truck Repair Center ("CTRC"), and Defendants repeatedly agreed to deliver the truck for repair.

35. Defendants repeatedly failed to deliver the vehicle as agreed, causing multiple missed repair appointments and resulting in CTRC ultimately refusing to accept the truck.

36. During communications regarding disputed charges and repair arrangements, Defendant Aaron Black directed threatening, intimidating, abusive, and profane language toward Plaintiff and third parties assisting Plaintiff.

37. Defendants further interfered with Plaintiff's efforts to obtain independent repair services by imposing arbitrary conditions and inconsistent fees concerning movement and release of the vehicle.

38. Defendants intentionally leveraged Plaintiff's known physical disability and dependence upon the vehicle for mobility in order to pressure Plaintiff into payment and compliance.

39. On or about December 4, 2023, Plaintiff appeared to retrieve his semi-truck after Defendants demanded additional payment.

40. Defendants conditioned release of the vehicle upon

payment and execution of documents prepared by Defendants.

41. Plaintiff alleges that Defendants utilized threats, intimidation, coercion, and Plaintiff's known physical vulnerability to force payment and compliance.

42. As a direct and proximate result of Defendants' conduct, Plaintiff suffered financial losses, business interruption, loss of transportation access, loss of mobility, emotional distress, lodging expenses, and other damages.

# V. CLAIM I — TITLE III OF THE AMERICANS WITH DISABILITIES ACT

43. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

44. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

45. Defendants own, lease, operate, manage, control, and/or maintain places of public accommodation and businesses affecting commerce within the meaning of 42 U.S.C. § 12181.

46. Defendants provide towing, storage, transportation-related, and repair-related services to members of the public.

47. Defendants denied Plaintiff full and equal enjoyment

Case 1:26-cv-00145-TRM-MJD   Document 2   Filed 05/29/26   Page 8 of 16   PageID #: 18

of Defendants' services, facilities, privileges, advantages, and accommodations.

48. Defendants intentionally leveraged Plaintiff's disability-related dependence upon his semi-truck for mobility and transportation.

49. Defendants interfered with Plaintiff's access to transportation-related services and imposed discriminatory barriers affecting Plaintiff because of his disability-related mobility limitations.

50. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injury and irreparable harm.

## VI. CLAIM II — TITLE V RETALIATION, COERCION, AND INTERFERENCE UNDER THE ADA

51. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

52. Plaintiff engaged in protected activity by questioning Defendants' conduct, disputing fabricated charges, seeking access to his property, and attempting to obtain independent repair services.

53. Defendants retaliated against Plaintiff and interfered with Plaintiff's exercise of ADA-protected rights through coercion, threats, intimidation, obstruction, abusive conduct, and interference with Plaintiff's efforts to obtain transportation-related services.

54. Defendants intentionally used their control over Plaintiff's mobility equipment and transportation access as leverage to force payment and compliance.

55. Defendants' conduct violated 42 U.S.C. § 12203.

56. Plaintiff suffered injury and irreparable harm as a direct and proximate result of Defendants' conduct.

# VII. COUNT III — FRAUD

57. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

58. Defendants knowingly misrepresented material facts regarding storage fees, pricing, repair-related arrangements, delivery obligations, and billing practices.

59. Defendants intended that Plaintiff rely upon such misrepresentations, and Plaintiff reasonably relied upon them by relinquishing possession of his semi-truck and making payments.

60. Plaintiff suffered damages as a direct and proximate result of Defendants' fraudulent conduct.

# VIII. COUNT IV — CONVERSION

61. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

62. Defendants wrongfully exercised dominion and control over Plaintiff's semi-truck and personal property inconsistent with Plaintiff's rights.

63. Defendants conditioned return of Plaintiff's property upon payment of fabricated, inflated, and unlawful charges.

64. Plaintiff suffered damages as a direct and proximate result of Defendants' conduct.

# IX. COUNT V — TENNESSEE CONSUMER PROTECTION ACT

65. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

66. Defendants engaged in unfair and deceptive acts and practices in the conduct of trade or commerce in violation of the Tennessee Consumer Protection Act.

67. Defendants knowingly misrepresented material facts regarding towing, storage, pricing, billing, and repair-related services.

68. Defendants issued false and misleading receipts, interfered with repair arrangements, and used coercion, threats, intimidation, and control over Plaintiff's vehicle to extract payment and compliance.

69. Defendants' conduct was willful, knowing, deceptive, and directed toward customers, including Plaintiff.

Case 1:26-cv-00145-TRM-MJD    Document 2    Filed 05/29/26    Page 11 of 16    PageID #: 21

70. Plaintiff suffered ascertainable losses and damages as a direct and proximate result of Defendants' conduct.

## X. COUNT VI — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

72. Defendants engaged in intentional and reckless conduct that was extreme, outrageous, malicious, and beyond the bounds of decency tolerated in a civilized society.

73. Defendants knowingly exploited Plaintiff's physical disability and dependence upon his semi-truck for mobility, wrongfully withheld Plaintiff's property, interfered with repairs, and used threats and intimidation to coerce payment and compliance.

74. Plaintiff suffered severe emotional distress, mental anguish, humiliation, anxiety, and other damages as a direct and proximate result of Defendants' conduct.

## XI. COUNT VII — BREACH OF CONTRACT

75. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

76. Plaintiff and Defendants entered into express and/or

implied agreements regarding towing, storage, repair arrangements, pricing, and return of Plaintiff's semi-truck.

77. Defendants breached said agreements by imposing fabricated charges, failing to honor represented storage terms, interfering with repairs, and wrongfully withholding Plaintiff's property.

78. Plaintiff suffered damages as a direct and proximate result of Defendants' breaches.

# XII. COUNT VIII — BAILMENT / NEGLIGENT BAILMENT

79. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

80. Plaintiff delivered possession of his semi-truck to Defendants for towing, storage, and repair-related purposes.

81. Defendants accepted possession of the vehicle and owed Plaintiff duties concerning safeguarding and return of the vehicle.

82. Defendants breached those duties by wrongfully withholding the vehicle, interfering with repairs, and imposing fabricated charges and conditions.

83. Plaintiff suffered damages as a direct and proximate result of Defendants' conduct.

# XIII. DECLARATORY AND INJUNCTIVE RELIEF

84. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

85. An actual and justiciable controversy exists concerning Defendants' towing, storage, billing, repair-related, and transportation-related business practices.

86. Plaintiff seeks declaratory and injunctive relief prohibiting Defendants from continuing deceptive, coercive, retaliatory, discriminatory, and unlawful practices.

87. Plaintiff further seeks injunctive relief requiring Defendants to cease discriminatory interference with disabled individuals' access to transportation-related services and mobility-related property.

# XIV. PRAYER FOR RELIEF

88. **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, jointly and severally where permitted by law, and award:

89. Plaintiff seeks monetary damages solely pursuant to applicable Tennessee law and other available non-ADA causes of action to the extent permitted by law.

Case 1:26-cv-00145-TRM-MJD    Document 2    Filed 05/29/26    Page 14 of 16    PageID #: 24

A. Declaratory and injunctive relief under the Americans with Disabilities Act;

B. Compensatory damages recoverable under Tennessee law;

C. Consequential damages;

D. Emotional distress damages;

E. Treble damages pursuant to the Tennessee Consumer Protection Act;

F. Punitive damages permitted by Tennessee law;

G. Restitution and disgorgement;

H. Prejudgment and post-judgment interest;

I. Costs of this action; and

J. Such other and further relief as the Court deems just and proper.

90. Plaintiff seeks damages in an amount to be determined by the trier of fact, but not less than $1,500,000.00.

## XV. JURY DEMAND

91. Plaintiff demands trial by jury on all issues so triable.

Case 1:26-cv-00145-TRM-MJD    Document 2    Filed 05/29/26    Page 15 of 16    PageID #: 25

# XVI. VERIFICATION

92. I, **<u>Delta L. Eady</u>**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

**Executed this <u>29th</u> day of May, 2026.**

Respectfully submitted,

**Delta L. Eady, Pro Se**
12142 Bettis Rd.
Georgetown, TN 37336
P: 404-860-4150
007deltaeady@gmail.com

**Date: May 29, 2026**

Case 1:26-cv-00145-TRM-MJD    Document 2    Filed 05/29/26    Page 16 of 16    PageID #: 26