**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| DELTA L. EADY,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN TOW & RECOVERY, *et al.*<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-145<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Michael J. Dumitru |

---

**MEMORANDUM**

---

On May 29, 2026, Plaintiff filed this *pro se* action (Doc. 2) and an application for leave to proceed *in forma pauperis* (Doc. 1). On September 25, 2026, United States Magistrate Judge Michael J. Dumitru issued a report and recommendation ("R&R"), recommending the Court dismiss the complaint and deny the application to proceed *in forma pauperis* ("IFP") as moot. (Doc. 11.) The R&R reasoned that Plaintiff has failed to state a claim under the Americans with Disabilities Act. (*Id.*) The R&R also recommended the Court decline to exercise supplemental jurisdiction over Plaintiff's related state law claims. Plaintiff filed objections to the R&R, which are now before the Court.

## I. STANDARD OF LAW

The Court must conduct a *de novo* review of those portions of the R&R to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' *before* the magistrate judge's final report and recommendation." *Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 621 (E.D. Mich.

2022), *aff'd*, No. 22-1293, 2022 WL 17348838 (6th Cir. Dec. 1, 2022) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

## II. BACKGROUND

Plaintiff did not object to Magistrate Judge Dumitru's recitation of the facts but only to the legal conclusions he derived from those facts. (Doc. 12.) Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set forth in the R&R (Doc. 11). *See, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013) (affirming the district court's adoption of the facts set out in a magistrate judge's report and recommendation when the defendant did not object to the facts outlined by the magistrate judge). The Court will refer to the facts only as necessary to analyze the issues raised in Plaintiff's objections to the R&R.

## III. ANALYSIS

Plaintiff's objections to the R&R states:

> Plaintiff specifically objects to the following recommended determinations:
>
> - that Plaintiff's ADA claims are necessarily time-barred without further consideration of the federal borrowing cases, Tennessee's saving statute, and the procedural history of the First Lawsuit;
> - that the First Lawsuit contained no facts supporting a disability-related theory merely because it contained no expressly denominated ADA count;
> - that Plaintiff lacks Title III prospective standing based in part upon an inference that Plaintiff would never use ATR's services again;
> - that Plaintiff's allegations concerning Aaron Black cannot be particularized to show Black's direct and actual knowledge of Plaintiff's paraplegia and disability-related circumstances;
> - that the Title III claim should be dismissed without an opportunity to plead the complete factual sequence alleged by Plaintiff;
> - that Plaintiff's Title V theories should be [considered] separately[,] considering retaliation under § 12203(a), interference under § 12203(b), and the possibility of amendment consistent with *Pemberton* and Rule 11;
> - that pleading deficiencies concerning defendant-specific conduct require dismissal of the entire action without an opportunity to amend;

- that the Tennessee claims should be relinquished under § 1367(c)(3) if a federal claim survives;
- that the action should be terminated without permitting Plaintiff to cure identified pleading deficiencies under Rule 15; and
- that Plaintiff should not be permitted to correct his IFP Application if the action otherwise proceeds.

(Doc. 12, at 39–40.)

### A. Statute of Limitations and Tolling

First, Plaintiff objects to the magistrate judge's finding that his claims are time barred. (Doc. 12, at 12.)

Because the ADA does not contain its own statute of limitations, federal courts are required to adopt the statute of limitations of the state cause of action most closely analogous to an ADA claim. *Meeks v. Tennessee Department of Correction*, No. 17-6292, 2018 WL 5779922, at *2 (6th Cir. May 29, 2018). For ADA claims arising in Tennessee, a one-year statute of limitations applies. *Id.*; *see also Evans v. Vanderbilt Univ. Sch. of Med.*, 589 F. Supp. 3d 870, 884 (M.D. Tenn. 2022) ("[C]auses of action arising under the ADA and filed in Tennessee" are subject to "a one-year limitations period.") "When we use a state's Statute of Limitations, we also use its procedural rules affecting that Statute of Limitations." *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765, 769 (6th Cir. 2002) (citing *West v. Conrail*, 481 U.S. 35, 39-40 n.6 (1987)). This includes state savings statutes. *See Harris v. United States*, 422 F.3d 322, 331 (6th Cir. September 2, 2005).

Plaintiff does not dispute that a one-year limitations period applies but argues that Tennessee Code § 28-1-105, commonly known as Tennessee's savings statute, preserves the claims. (Doc. 12, at 14.) Under limited circumstances, the Tennessee savings statute allows plaintiffs to bring causes of action that would otherwise be barred under the statute of limitations.

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a). In other words, a plaintiff may refile a case that was dismissed for reasons other than the merits within one year after dismissal, even if the statute of limitations for the original action has expired. *See Circle C Constr., LLC v. Nilsen*, 484 S.W.3d 914, 919 (Tenn. 2016).

Under Tennessee Rule of Civil Procedure 3, "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved." Tenn. R. Civ. P. 3. However,

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

*Id.* The Court of Appeals for the Sixth Circuit has held that "the savings statute and [Rule] 3 must be construed in conjunction one with the other." *Fed. Deposit Ins. Corp. v. Cureton*, 842 F.2d 887, 890 (6th Cir. 1988). In *Cureton*, plaintiffs filed a lawsuit within the statute of limitations period but failed to serve the defendant and took a voluntary non-suit. *Id.* Over a year after commencement of the first lawsuit, and after the statutory period of limitations had run, plaintiffs commenced a second lawsuit and relied on the savings statute. *Id.* However, the *Cureton* Court found "that the savings statute simply does not apply" because the "commencement date 'died,' and plaintiff did not timely commence the district court action." *Id.*

Here, Plaintiff filed a complaint in the first lawsuit on October 17, 2024. *See* Case No. 1:24-cv-339, Doc. 2. On March 23, 2026, that case was dismissed without prejudice "pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to timely effectuate service of the operative complaint." (Case No. 1:24-cv-339, Doc. 92, at 12.) Plaintiff filed the complaint in this case on May 29, 2026. (Doc. 1.)

Even applying Tennessee's saving statute in this case, Plaintiff's claim remains time-barred. Although the current lawsuit was commenced just two months after a dismissal without prejudice in the first case, Defendants were never served in that case. And the Complaint in this matter was filed more than a year after the original complaint. Thus, the savings statute does not apply, and the magistrate judge was correct that his ADA claims are time barred. Plaintiff's first objection is **overruled**.

**B. Disability Allegations in Plaintiff's First Action**

Second, Plaintiff "objects to footnote 3 of the R&R to the extent it states that Plaintiff never alleged 'facts to support' an ADA violation in the First Lawsuit." (Doc. 12, at 20.) Plaintiff acknowledges that the amended complaint in his first lawsuit "did not expressly invoke Title III or Title V of the ADA" but argues that "the absence of an ADA statutory citation in the earlier pleading should not be equated with the complete absence of disability-related facts." (*Id.*) The Sixth Circuit has explained that:

> Although Tennessee Code Annotated § 28-1-105 is considered to be remedial and is given "both a broad and liberal construction," *Circle C Constr., LLC v. Nilsen*, 484 S.W.3d 914, 921 (Tenn. 2016), Tennessee courts have held that the statute is applicable only "when the original complaint and the new complaint allege substantially the same cause of action, which includes identity of the parties." *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004) (citation omitted). Thus, even though "[i]t is not necessary that the two complaints be identical," the savings statute will not come into play unless any new claim in a second complaint "arose out of the same conduct, transaction, or occurrence alleged in the original action." *Id.* (citing *Energy Sav. Prods., Inc. v. Carney*, 737

> S.W.2d 783, 784–85 (Tenn. Ct. App. 1987)). Such a limitation is necessary because the underlying concern in the application of any savings statute is "whether the defendant had notice: [N]otice to the party affected is the true test of the statute's applicability." *Id.* (citations and internal quotation marks omitted).

*Scott v. Mem'l Health Care Sys., Inc.*, 660 F. App'x 366, 371 (6th Cir. 2016); *see also Laney Brentwood Homes, LLC v. Town of Collierville*, 144 F. App'x 506, 510 (6th Cir. 2005) (holding that, even though Plaintiff added a new cause of action, the claims were not barred by the statute of limitations because they were based on the same transaction or occurrence.)

Courts have held that "[t]he savings statute applies only when the new complaint and the original complaint 'are substantially for the same cause' of action." *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991) (quoting *Hughes v. Brown,* 88 Tenn. 578, 584 (1890). And "[t]here must be an identity of the parties in order for the new and original complaints to be substantially the same." *Id.*

Here, Plaintiff's ADA claims do arise out of the same set of operative facts as those alleged in the first lawsuit. However, in almost all other substantive ways, the complaints are dissimilar. First, the parties are different. The savings statute does not apply to any individual not named in the first complaint because it would not have put them on notice. *Scott* 660 F. App'x at 371; *see also Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991) ("The savings statute is not applicable to the claims in a renewed complaint against a party not named as a defendant in the original complaint."). And the claim in the first complaint for breach of contract, and the facts pleaded to support it, do not contemplate claims based on Plaintiff's disability. The "disability-related facts" are sparse and would not put a defendant on notice of the nature of the claims asserted against them. Thus, allowing the ADA allegations to survive would controvert the purpose of the savings statute. Plaintiff's second objection is **overruled**.

### C. Facts Showing Defendant's Knowledge of Plaintiff's Disability

Third, Plaintiff avers that he "can plead substantially more specific facts." (Doc. 12, at 21.) But the issue persists that disability-related facts or causes of action were not sufficiently pleaded in the first court case. Thus, even amendment of the complaint in this case to add these details would not save Plaintiff's complaint from being barred by the applicable statute of limitations.

Plaintiff's third objection is thus **overruled**.

### D. Threat of Future Injury

Fourth, Plaintiff objects to the magistrate judge's finding that he lacks standing to bring a Title III claim. Plaintiff seeks injunctive relief, which requires him to show "past injury and a real and immediate threat of future injury." *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013)).

> The Sixth Circuit has explained that, within the context of a Title III ADA public accommodation claim for injunctive relief, "a plaintiff demonstrates the requisite threat of future injury where he establishes (1) a plausible intent to return to the noncompliant accommodation or (2) that he would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility barriers." *Gaylor v. Hamilton Crossing CMBS*, 582 Fed. App'x 576, 580 (6th Cir. 2014) (citations omitted). A "plausible intent to return" can be determined from a plaintiff's allegations or any resulting inferences. *Powell*, 2021 WL 243194, *7 (citations omitted).

(*Id.*) Plaintiff does not dispute the standard and admits the omission of an allegation in his complaint that Plaintiff intends to return to Defendant's place of business. (Doc. 12, at 24.) Plaintiff specifically objects to the magistrate judge's inference that he "would never wish to use Defendant's services again" and asserts that he "has never permanently ruled out using ATR [and, i]n fact, [he] would use ATR services if needed." (*Id.*) In his objections, Plaintiff proceeds to outline a scenario in which he might be willing to return. But this argument was not in the

complaint and need not be considered. *See Nasser*, 598 F. Supp. 3d at 621. Based on the information and allegations at the time of the R&R, the magistrate judge reasoned, based on Plaintiff's own allegations, that he would have no desire or intent to utilize Defendant's services, particularly since there are several competitive alternatives. *See* Doc. 11, at 11.

Additionally, "[t]he 'threat' of a prospective injury must be real and immediate and not premised upon the existence of past injuries alone." *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983)). Even accepting all allegations in the complaint as true and drawing all inferences in Plaintiff's favor, he has not met his burden to demonstrate that amending his complaint would cure the deficiencies identified in the R&R. Thus, Plaintiffs' fourth objection is **overruled**.

**E. Specificity of Allegations in the Complaint**

Fifth, Plaintiff objects to the magistrate judge's finding that the allegations in the complaint are insufficiently particularized to show Defendant Black engaged in conduct that discriminated against Plaintiff "on the basis of [his] disability." (Doc. 12, at 27–28.)

To state a claim under 42 U.S.C. § 12182, Plaintiff must show "the defendant discriminated against him on the basis of his disability. . . ." *Snyder v. Lady Slings the Booze, LLC*, 73 F. Supp. 3d 871, 874 (W.D. Ky. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In other words, "[t]he Americans with Disabilities Act requires the plaintiff to present sufficiently 'significant' evidence of animus toward the disabled that is a but-for cause of the discriminatory behavior." *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 682 (6th Cir. 2016).

Additionally, Plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,*

556 U.S. 662, 678 (2009). "Courts within the Sixth Circuit, however, do not permit 'group pleading' outside of certain fraud claims." *Robertson v. Univ. Of Akron Sch. of L., et al.*, No. 5:20-CV-1907, 2021 WL 3709915, at *5 (N.D. Ohio Aug. 20, 2021), *aff'd*, No. 21-3768, 2022 WL 1836922 (6th Cir. June 3, 2022). "A complaint that 'fails to impute concrete acts to specific litigants, fails to state a plausible claim." *Rodriguez v. Providence Cmty. Corr., Inc.*, 191 F. Supp. 3d 758, 773 (M.D. Tenn. 2016) (citing *Zola H. v. Snyder*, No. 12–14073, 2013 WL 4718343, at *7 (E.D. Mich. Sept. 3, 2013)); *Petrovic v. Princess Cruise Lines, Ltd.*, No. 12-21588-CIV, 2012 WL 3026368, at *3 (S.D. Fla. July 20, 2012) ("A complaint that lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct fails to satisfy Rule 8.") (alterations and internal quotation marks omitted).

In the R&R, the magistrate judge found that the allegations in the complaint "refer[] to all Defendants collectively" and "fail[] to attribute any specific actions, conduct, or events to individually-named Defendants." (Doc. 11, at 11.) Additionally, the magistrate judge labeled the allegations as "wholly conclusory" and "insufficient as a matter of law." (*Id.* at 13.) Specifically, the R&R notes that "Plaintiff does not allege that either activity by Defendant Aaron Black was motivated by Plaintiff's disability." (*Id.*)

In his complaint, Plaintiff alleges that he "informed Defendants of Plaintiff's physical disability and dependence upon the semi-truck for transportation, mobility, and essential daily functioning" and "Defendants intentionally leveraged Plaintiff's known physical disability and dependence upon the vehicle for mobility in order to pressure Plaintiff into payment and compliance." (Doc. 2, at 6–7.) But Plaintiff does not provide any facts, beyond conclusory allegations, to demonstrate Defendants discriminated against him on the basis of his disability. In his objections, Plaintiff asserts that his "theory is more specific" and provides "the entire

alleged sequence" of events. (Doc. 12, at 27, 28.) However, Plaintiff is still unable to cure the issue. Plaintiff maintains that he "lacked the financial ability to obtain extended hotel lodging and was depending upon the truck" and that Defendant Black "used control of the vehicle as leverage, despite knowing Plaintiff's disability-related transportation circumstances." (*Id.* at 28.) But the alleged leverage is premised on Defendant's financial situation, not his disability. And Plaintiff does not provide any additional facts or detail to show a nexus between Defendant Black's alleged leverage and Plaintiff's disability or how Defendant "imposed discriminatory barriers." Plaintiff has failed to show that the underlying actions were committed due to animus against him as a member of a class and would not have been committed otherwise.

Further, Plaintiff's claims are not particularized to a specific defendant but rather refer to Defendants as a collective in the form of group pleading. This is insufficient to state a claim for discrimination under the ADA. *See Rodriguez,* 191 F. Supp. 3d at 773.

The Court finds Plaintiff failed to allege facts sufficient to state a claim that Defendant Black acted with animosity directed toward Plaintiff being a disabled person or was motivated by Plaintiff's disability. Plaintiff argues that "Rule 15 amendment is the appropriate mechanism for supplying the particularity now identified." (Doc. 12, at 28.) But the facts offered in the objections remain insufficiently particularized, suggesting amendment would be futile. Plaintiffs fifth objection is **overruled**.

**F. Retaliation and Interference Analyzed Separately**

Sixth, Plaintiff asserts that the causes of action under Section 12203(a) should each receive independent analysis. Under ADA Title V, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter…" ("retaliation claim") and "[i]t shall be unlawful to coerce, intimidate, threaten, or

interfere with any individual in the exercise or enjoyment of… any right granted or protected by this chapter" ("interference claim"). 42 U.S.C. §12203(a), (b). Plaintiff concedes that his complaint did not state a retaliation claim. (Doc. 12, at 29–30.) Plaintiff only seeks review of the interference claim. (*Id.*)

To state a claim for interference under the ADA, a plaintiff must allege:

> (1) she engaged in activity statutorily protected by the ADA; (2) she was engaged in, or aided or encouraged others in, the exercise or enjoyment of ADA protected rights; (3) the defendants coerced, threatened, intimidated, or interfered on account of her protected activity; and (4) the defendants were motivated by an intent to discriminate.

*Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550–51 (7th Cir. 2017); *Kelly v. Graphic Packaging Int'l, LLC*, No. 24-1400, 2025 WL 573766, at *4 (6th Cir. Feb. 21, 2025) ("We agree with our sister circuits that this standard is instructive.").

Here, Plaintiff has failed to allege facts to satisfy the third and fourth prongs. As stated in relation to Plaintiff's fourth objection, the complaint, as well as additional facts provided in the objection, fail to provide a nexus between Plaintiff's disability and the alleged discrimination. The coercion, threats, intimidation, or interference must have occurred *on account* of Plaintiff's disability. *Id.* at 551. Plaintiff does not provide any facts regarding his dependence on the vehicle other than that he cannot afford to sleep elsewhere. (Doc. 12, at 28.) Plaintiff also alleges that he required Defendant Black's assistance transferring from his wheelchair into a vehicle because of his disability, but not how that relates to any subsequent actions taken by Defendant. Plaintiff also does not offer facts to show Defendant Black was "motivated by an intent to discriminate." *Frakes*, 872 F.3d at 551. The additional facts alleged in the objections show that before the dispute, Defendant Black "personally physically assisted Plaintiff up into the tow truck" because he could not on his own and gave Plaintiff a courtesy by allowing him to "remain parked without a storage or parking fee while awaiting repair availability." (Doc. 12, at

28.) This does not suggest an intent to discriminate against Defendant in the service of repairing his truck. Nor has Plaintiff presented other arguments linking the alleged discrimination with a causal connection to or motivation and intent to discriminate. Accordingly, Plaintiff's sixth objection is **overruled**.

### G. Pleading Deficiencies Concerning Defendant-Specific Conduct

Seventh, Plaintiff "requests leave to separate clearly the allegations against each Defendant for whom Plaintiff possesses a good-faith factual basis." (Doc. 12, at 32.) For the reasons stated above, the Court finds that amendment would be futile. Plaintiff has not shown that he can allege factual allegations to state a claim against any Defendant sufficient to cure the numerous deficiencies, several of which independently bar Plaintiff's claims. Thus, Plaintiffs' seventh objection is **overruled**.

### H. Survival of Tennessee Claims

Eighth, Defendant seeks survival of his state law claims. Because none of Plaintiff's objections have been sustained, there is no cause to revisit the magistrate judge's recommendation that the Court decline supplemental jurisdiction. Plaintiff's claims have not been adjudicated on the merits. Therefore, insofar as Plaintiff requests dismissal of his state-law claims without prejudice, Plaintiff's eighth objection is **sustained in part**.

### I. Dismissal Without Opportunity to Cure

Plaintiff requests that, even if deficiencies exist in the complaint, he be permitted to amend the complaint pursuant to Rule 15. (Doc. 12, at 33–34.) "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) ("Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'"). Denial of leave to amend may

nevertheless be appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, leave to amend is not proper. Given the nature and procedural history of this litigation, including Defendant's multiple failed opportunities to amend, dismissal under Rule 4(m), and ultimately refiling his complaint with different parties and causes of action, the Court does not find it in the interest of justice or judicial economy to allow further amendment.[1] Additionally, as explained above, the Court finds that amendment would largely be futile. Accordingly, Plaintiff's request is **denied**, and his claims will be dismissed without opportunity to amend the complaint.

### J. Amendment of IFP Application

Lastly, Plaintiff requests that, "[i]f this action is permitted to proceed," he receives "an opportunity to submit a corrected IFP application or supplemental financial declaration addressing each deficiency identified by the Court." (Doc. 12, at 38.) Since this action will not be permitted to proceed, and will be dismissed in its entirety, the application will be terminated as moot and there is no need to amend the application or submit additional documentation in its support.

## IV. CONCLUSION

---

[1] In dismissing the first lawsuit, the Court explained that it had:

> provided Plaintiff with repeated opportunities to cure procedural deficiencies—granting IFP status, permitting multiple amendments to his complaint, declining to dismiss the action for service failures in November 2025—and issued explicit instructions on what was required to cure such deficiencies. Each accommodation has been met with non-compliance, unauthorized filings, and attempts to relitigate matters already decided. The Court has previously warned Plaintiff that further violations of the Federal Rules of Civil Procedure and Local Rules could result in dismissal of his case.

The Court finds no reason to believe the result in this action would be materially different.

After reviewing the record and the applicable law, the Court agrees with the findings in the R&R. Accordingly, the Court will **ACCEPT** and **ADOPT** the report and recommendation (Doc. 11) in full pursuant to 28 U.S.C. § 636(b)(1) and will **ORDER** that the action be **DISMISSED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**